FROELICH, J., dissenting:
 

 {¶ 27} I would find that the trial court abused its discretion in failing to disqualify two prospective jurors who were challenged for cause. Accordingly, I dissent.
 

 {¶ 28} "A trial court has broad discretion in determining a prospective juror's ability to be impartial."
 
 State v. Maxwell
 
 ,
 
 139 Ohio St.3d 12
 
 ,
 
 2014-Ohio-1019
 
 ,
 
 9 N.E.3d 930
 
 , ¶ 94. And "[a] trial court's ruling on a challenge for cause will not be disturbed on appeal absent an abuse of discretion."
 

 Id.
 

 An appellate court must indeed give deference to discretionary decisions by a trial court; otherwise appeals would, in essence, be a second bite at the factual apple and would not establish rules to guide trial courts going forward.
 

 {¶ 29} But perhaps the pejorative term, "abuse," is misleading as to our standard of review.
 
 [3]
 
 The oft-cited definition as a decision that is unreasonable, arbitrary or unconscionable is itself subject to different interpretations.
 
 [4]
 
 Discretionary action should not be set aside by a reviewing court unless it has "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."
 
 In re Josephson
 
 ,
 
 218 F.2d 174
 
 , 182 (1st Cir. 1954),
 
 overruled on other grounds
 
 ,
 
 In re Union Leader Corp.
 
 ,
 
 292 F.2d 381
 
 (1st Cir. 1961).
 

 {¶ 30} Here, Juror # 5, a locksmith, stated that he worked as a "special" with police officers on the third shift a couple of times a month for 25 years and still did "odds and ends work with them." (It is not evident what agency or department this was with.) He stated he would both have a "tendency to believe" law enforcement officers, and "would believe" an officer who said he witnessed "something happen." When specifically asked if his interactions with law enforcement would keep him from being a fair and impartial juror, Juror # 5 responded, "I believe them more than I believe regular people."
 

 {¶ 31} In response to Quinn's challenge for cause regarding Juror # 5, the prosecutor responded, "I think it's pretty clear from [the juror's] answers that he does have faith in law enforcement and would tend to believe law enforcement, but I think he also said that he could be a fair and impartial juror and if there was evidence that contradicted any police officer's statement, he would look at the evidence and make his decision accordingly." The court overruled the challenge for cause, and Quinn exercised a peremptory challenge.
 

 {¶ 32} The record does not reflect that Juror # 5 ever said he could be fair and impartial. To the contrary, Juror # 5 stated that if an officer's testimony "conflicted with another witness," he would "have the tendency to believe the police officer first." Juror # 5 stated that he had no "preconceived [notions about the defendant's innocence]," but he repeatedly indicated he "would have a tendency to believe" law enforcement officers over others. In short, Juror # 5's answers reflected an unequivocal lack of impartiality in how he would assess the credibility of witness-police officers versus other witnesses. Further, R.C. 2313.17(D) provides that "[t]he validity of the challenge [for cause] shall * * * be sustained if the court has any doubt as to the juror's being entirely unbiased." The trial court could not have reasonably been without doubt that Juror # 5's answers reflected that he could be a fair and impartial juror.
 

 {¶ 33} Juror # 11 was a deputy sheriff in Clark County for 15 years and knew both assistant prosecutors and the Springfield Police Department officers who testified. When asked if he "had any discussions with anyone who is involved with this case about this case," the juror said he was "not sure exactly which case it is. I am familiar with the defendant though." No additional questions were asked of Juror # 11. The trial court summarily overruled a challenge for cause, and Quinn exercised a peremptory challenge.
 

 {¶ 34} Whether the trial court abused its discretion in failing to disqualify Juror
 # 11 for cause is a closer question. There was no definite answer whether Juror # 11 had discussions about Quinn's case with the officers involved, and neither the prosecutor nor defense counsel asked follow-up questions to explore whether the deputy sheriff would give deference to the witness-police officers, how the deputy sheriff was "familiar" with Quinn, whether the deputy sheriff's familiarity with the prosecutors would affect his ability to sit as a fair and impartial juror, and whether the deputy sheriff believed he could be fair and impartial.
 

 {¶ 35} Nevertheless, Juror # 11's responses reflected that he was a member of law enforcement, knew the prosecutors and the State's representative (Detective Byron), and was "familiar with the defendant." His statement that he was "familiar with the defendant" in response to the inquiry about police and this case implied that his familiarity arose from Quinn's involvement with the criminal justice system. Given Juror # 11's employment and his familiarity with both the prosecutors and Quinn in the criminal justice context, I would conclude that the trial court should have granted Quinn's challenge for cause as to Juror # 11, as well.
 

 {¶ 36} The lack of impartiality evinced by the prospective jurors is not a criticism of them individually; we all have implicit and explicit biases and these jurors directly and honestly answered the questions put to them. Such attitudes do not dissolve in a general acquiescence to a conclusory question about whether a juror understands the presumption of innocence or can be fair and impartial. I would find the decision not to grant the challenges for cause to be not guided by reason (unreasonable), without adequate defining principles (arbitrary), as well as unconscionable (affronting the sense of justice or reasonableness). Accordingly, I would reverse Quinn's conviction and remand for a new trial.
 

 One court has attributed the continued use of the term to the fact that "most appellate judges suffer from misocainea."
 
 State v. Chapple
 
 ,
 
 135 Ariz. 281
 
 , 297,
 
 660 P.2d 1208
 
 (1983), fn. 18,
 
 superseded by statute on other grounds
 
 .
 

 See, e.g.,
 
 Painter and Walter,
 
 Abuse of Discretion; What Should It Mean Under Ohio Law
 
 , 29 Ohio N.L.Rev. 209 (2002).